UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-362-RJC
(3:05-cr-390-RJC-2)

| | |
|---|---|
| CHARLES LAMAR BULLARD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)     <u>ORDER</u><br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, (Doc. No. 1); Respondent's Motion for Summary Judgment, (Doc. No. 7), and Petitioner's Response to Respondent's Motion for Summary Judgment, (Doc. No. 11). For the reasons that follow, Respondent's Motion for Summary Judgment will be granted, and Respondent's Section 2255 Motion will be denied and dismissed.

**I.   BACKGROUND**

On December 13, 2005, Petitioner was named in five counts of a fifteen-count Superceding Indictment. (3:05-cr-390; Doc. No. 56). Count One charged Petitioner with knowingly, intentionally and unlawfully conspiring with others to possess with intent to distribute a quantity of 50 grams or more of cocaine powder and cocaine base, in violation of 21 U.S.C. § 846. (<u>Id.</u> at 2). Count Five charged Petitioner with knowingly and unlawfully possessing with intent to distribute a quantity of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). (<u>Id.</u> at 3-4). Counts Six and Seven charged Petitioner with knowingly, intentionally and unlawfully possessing a quantity of cocaine power in violation of 21 U.S.C. §

1

841. (Id. at 4-5). Count Eight charged Petitioner with knowingly possessing a firearm in furtherance of the drug trafficking counts alleged in the Superceding Indictment, in violation of 18 U.S.C. § 924(c)(1). (Id. at 5). On January 26, 2006, a Waiver of Arraignment was filed with the court which bore the signature of Petitioner and his counsel. In this Waiver, Petitioner acknowledged that he had reviewed the contents of the indictment and understood the general nature of the counts, and that his counsel had advised him of the maximum penalties for the offenses for which he was charged. Petitioner informed the court that he was pleading not guilty and that he elected a trial by jury. (Doc. No. 113).

On or about May 8, 2006, Petitioner entered into a Plea Agreement with Respondent wherein he agreed to plead guilty to Counts One and Eight of the Superceding Bill of Indictment in return for Respondent's agreement to dismiss the remaining three counts. The Plea Agreement provided Petitioner with notice that the maximum sentence for conviction of Count One was no less than 10 years and no more than life imprisonment and the maximum penalty for a conviction on Count Eight was a mandatory sentence of 5-years imprisonment which would run consecutive to any other sentence imposed. (Doc. No. 146 at 1 ¶ 4). Petitioner was advised through the Plea Agreement that his actual sentence could only be determined after the Court had reviewed his presentence report ("PSR") however, Petitioner stipulated that there was a factual basis to support his plea of guilty and that the Court could consider and rely on the offense conduct as set out in the PSR, except for facts to which Petitioner had raised an objection. (Id. at 3-4). Petitioner specifically agreed that "in exchange for the concessions made by [Respondent] in this plea agreement, he would waive all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel; or (2) prosecutorial misconduct." (Id. at 4). Petitioner agreed that Respondent would preserve its rights

to appeal as set forth in 18 U.S.C. § 3742(b), "while [Petitioner] waives all rights to appeal or collaterally attack the sentence of conviction with the exceptions" of ineffective assistance of counsel and prosecutorial misconduct. (Id. at 5).[1] Petitioner acknowledged that any sentence which fell within the applicable guideline range as determined by the United States Probation Office and "pursuant to any departures from the applicable range as recommended by [Respondent] is *per se* reasonable . . [and Petitioner] waives any right to contest such a sentence on the basis that the Court's imposition of such a sentence was unreasonable or an abuse of its discretion." (Id.).

On May 26, 2006, Petitioner appeared with counsel before a United States Magistrate Judge for his Rule 11 hearing and was placed under oath. The FTR recording of the Rule 11 hearing demonstrates that the court informed Petitioner of each and every element contained in Counts One and Eight of the Superceding Indictment and informed Petitioner of the minimum and maximum possible penalties he faced if convicted of Counts One and Eight. (Doc. 151: Entry and Acceptance of Guilty Plea, at 1). Petitioner confirmed that he had reviewed the charges in the indictment and that he had discussed the maximum penalties and mandatory minimum sentences with his counsel and that he fully understood the maximum sentence he faced if convicted. (Id. at 2). Petitioner acknowledged he had the right to proceed to trial on the charges in the indictment but he agreed that he would waive that right and he confirmed that he wanted to be bound by the terms of the Plea Agreement. (Doc. No. 151 at 3-4). Petitioner acknowledged he understood the terms of the Plea Agreement, including the maximum penalties

---

[1]Specifically, Respondent maintained the right to appeal the sentence if, for among other reasons, the Court imposed a sentence which represented an incorrect application of the sentencing guidelines. 18 U.S.C. § 3742(b)(2).

for conviction on Counts One and Eight, and that he agreed with the terms of the agreement. Further, Petitioner admitted he had agreed to waive his right to appeal his conviction and sentence and that he agreed to waive his right to challenge his conviction and sentence in a post-conviction proceeding. At the conclusion of the Rule 11 hearing, Petitioner admitted that he was guilty of the charges in Counts One and Eight of the Superceding Indictment. (Id. at 4). Finally, Petitioner agreed that he was satisfied with the services of his counsel and that he understood the entirety of the Rule 11 hearing and he still wished to enter his plea of guilty to Counts One and Eight. (Id. at 4-5).

On September 26, 2006, Petitioner appeared with counsel before the Court for sentencing. The Court addressed Petitioner regarding his appearance at his Rule 11 hearing before the magistrate judge on May 26, 2006. Petitioner confirmed that he was under oath during the Rule 11 hearing, that the answers he provided to the magistrate judge during the Rule 11 hearing were true and that he would answer the questions the same way during his sentencing hearing as he had during his Rule 11 hearing. Petitioner admitted that he answered the magistrate judge's questions the way he did and agreed to plead guilty because he was in fact guilty of committing the crimes as charged in Counts One and Eight. (Doc. No. 240: Sentencing Transcript at 2-3). The Court found that based on Petitioner's representations during the sentencing hearing, and the sworn answers given during the Rule 11 hearing, that Petitioner's plea was knowingly and voluntarily made and that he understood the potential charges and maximum penalties. Accordingly, the Court accepted Petitioner's guilty plea. (Id. at 3).

Respondent noted during the sentencing hearing that Petitioner stipulated in the Plea Agreement that the factual basis for Petitioner's guilty plea could be based on conduct as it appeared in the PSR; specifically, in paragraphs 6-16. (Id. at 3). See Doc. No. 146: Plea

Agreement at 3-4 ¶ 15. Petitioner's counsel stipulated to this fact during sentencing and the Court concluded there was a factual basis to support Petitioner's plea of guilty. (Doc. No. 240: Sentencing Transcript at 3). Petitioner acknowledged he reviewed a copy of the PSR with his counsel and that he understood its contents. Petitioner's counsel confirmed that there were no objections filed to the contents of the PSR and stipulated that a sentencing range of 120 to 135 months was correct for conviction of Count One and that conviction for violation of 18 U.S.C. § 924(c) carried a mandatory 60-month term which would run consecutive to the conviction for Count One. (Id. at 4). On October 10, 2006, the Court entered Judgment which provided for a 120-month term of imprisonment for conviction of Count One, and a consecutive term of 60 months for conviction of Count Eight. (Doc. No. 197).

On January 23, 2007, Petitioner filed his first Section 2255 Motion alleging that his trial counsel had failed to file an appeal from his Judgment after being instructed to do so. Petitioner moved the Court to vacate his sentence and reinstate his right to appeal. (3:05-cr-390, Doc. 223 at 3, 12). On December 7, 2007, Petitioner appeared with counsel for an evidentiary hearing on the sole issue of whether his trial counsel failed to file a notice of appeal from the Judgment after being instructed to do so. (Doc. No. 317). The Court found that credible evidence was presented through testimony of Petitioner and his wife that Petitioner had instructed his trial counsel to file an appeal but no appeal was ever filed from the Judgment. The Court ordered that the Clerk enter a new judgment from which Petitioner could file a timely appeal. (Id.). Petitioner then entered notice of appeal, (Doc. No. 319), from the Amended Judgment, (Doc. No. 318), and on April 29, 2009, the United States Court of Appeals for the Fourth Circuit filed an opinion which affirmed Petitioner's conviction and sentence. (Doc. No. 386). In his appeal Petitioner argued his trial counsel was ineffective for delaying his entry of a guilty plea and delaying his offer of assistance

to the Government. The Court summarized Petitioner's argument: "He asserts that, but for counsel's ineffectiveness, he would have cooperated earlier, received a downward departure for substantial assistance, and been sentenced below the mandatory minimum sentences for the two offenses." United States v. Bullard, 324 F. App'x (4th Cir. 2009). The Court concluded that ineffective assistance of counsel was not apparent from the record before the Court, and that the claim should be raised, if at all, in a Section 2255 proceeding. Id. at 3. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

Petitioner filed the present Section 2255 Petition and raised the following claims for relief which will be examined below: that the Court enter an Order (1) correcting his sentence for conviction of Count One of the Superceding Indictment; and (2) vacating both his sentence and conviction under Count Eight of the Superceding Indictment. (3:09-cv-362: Motion to Vacate, Set Aside or Correct Sentence at 1). Respondent filed its motion for summary judgment, (Doc. No. 7), and the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to file a response to Respondent's Motion for Summary Judgment, (Doc. No. 10), and Petitioner thereafter filed his response, (Doc. No. 11).

## II. STANDARD OF REVIEW

### A. Section 2255

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the government to respond. Id. The Court must then review the government's answer and motion for

summary judgment and any materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a). Petitioner has requested an evidentiary hearing. (3:09-cv-362, Doc. No. 1 at 15). After having considered the record in this matter, the Court finds that this matter can be properly resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

      B.      Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

**III.    DISCUSSION**

Petitioner seeks an order correcting his sentence for conviction of Count One and an order vacating his conviction and sentence on Count Eight. To that end, Petitioner raises the following claims in his Section 2255 petition: (1) Petitioner is Actually and Factually Innocent of the Government's 18 U.S.C. § 924(c)(1) Charge; (2) Petitioner was Deprived of Due Process of Law through Prosecutorial Misconduct for Withholding Information; (3) Petitioner's Second Amendment Rights were Violated; (4) Petitioner was Denied Due Process of Law when the Government filed New Criminal Facts Against Him ; (5) Petitioner was Deprived of his Sixth Amendment Rights due to Sentencing Error; and (6) Petitioner was Deprived of his Sixth

Amendment Right to Effective Assistance of Counsel**.** (3:09-cv-362, Doc. No. 1 at 7-14). The Court finds that Claims 1-5 should be addressed collectively. Claims 1-5 which implicate a claim for prosecutorial misconduct will be addressed separately, infra, at 11-12. Claim Six, ineffective assistance of counsel, will be addressed separately along with any of Claims 1-5 which seek to urge a claim of ineffective assistance of counsel.

### A.     Petitioner's Claims 1-5

The Court concludes that Claims 1-5 are barred in this collateral proceeding because (1) Petitioner knowingly and voluntarily waived his right to bring a collateral challenge asserting these claims; (2) Petitioner knowingly and voluntarily pled guilty to Counts One and Eight of the Superceding Indictment and that guilty plea cannot now be withdrawn or properly set aside; and (3) Petitioner failed to raise these claims on direct appeal from his Amended Judgment, and as a consequence Petitioner is procedurally barred from raising them now and he has failed to show cause or prejudice to excuse the procedural bar.

#### 1.     Petitioner' Plea Agreement and Guilty Plea

A "defendant may waive his right to attack his conviction and sentence collaterally, so long as the wavier is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). A defendant may also choose to plead guilty and that plea will be upheld so long as it is deemed knowing and voluntary. "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Lemaster, 403 F.3d at 219-20 (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977) ). "The advantages of plea bargains 'can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality.'" Id. A defendant's sworn statements given in open court during a Rule 11 hearing carry a strong presumption of truth and represent "a

formidable barrier in any subsequent collateral proceeding." Blackledge, 431 U.S. at 74."To adopt a more lenient approach and 'allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system-speed, economy, and finality.'" United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (citing Blackledge, at 71).

Pursuant to the express terms of the Plea Agreement, Petitioner waived his right to attack his conviction and sentence in this post-conviction proceeding, including a collateral attack under 28 U.S.C. § 2255, except for a claim based on ineffective assistance of counsel or prosecutorial misconduct. The Plea Agreement provides as follows:

> Defendant and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; (3) and the possible impact of any such issue on the desirability to the defendant of entering into this plea agreement.
>
> Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or sentence except for: (1) claims of ineffective assistance of counsel; or (2) prosecutorial misconduct.

(3:05-cr-390, Doc. No. 146: Plea Agreement at 4-5).

On May 26, 2006, Petitioner entered his guilty plea during his Rule 11 hearing, while under oath and represented by counsel, and therein admitted that he understood the charges as set forth in Counts One and Eight and he admitted that he was in fact guilty of those charges. (Doc. 151: Entry and Acceptance of Guilty Plea, at 3 ¶ 21). Petitioner appeared with counsel before this Court for sentencing on September 26, 2006, and admitted in open court that he was under oath during the Rule 11 hearing, and that given the opportunity he would answer all of the questions which he answered for the magistrate judge the same way if those questions were

9

again asked during the sentencing hearing. The Court found that based on Petitioner's sworn answers during the Rule 11 hearing, and the Plea Agreement which Petitioner signed, and his answers given during the sentencing hearing, that Petitioner's guilty plea to Counts One and Eight was given knowingly, intelligently, and voluntarily, and the Court therefore accepted his plea of guilty. (Doc. No. 240: Sentencing Transcript at 2-3).

Petitioner correctly notes that the Government <u>had</u> the burden of proving each and every element of Count Eight beyond a reasonable doubt, namely, that Petitioner used, carried, or possessed a firearm in furtherance of a drug crime. (3:09-cv-362, Doc. No. 1 at 5-6). However, what Petitioner fails to appreciate is that he relieved the Government of that burden by knowingly and voluntarily entering into the Plea Agreement with Respondent, and by entering a knowing, intelligent and voluntary plea of guilty to Count Eight. Petitioner now contends that the "Government does not possess any <u>reliable</u> evidence what-so-ever, that will prove beyond a reasonable doubt each element of the § 924(c)(1) charge. Therefore, Petitioner is both actual[ly] and factual[ly] innocent of that charge, and was not eligible to receive a conviction or sentence under § 924(c)(1)." (Doc. No. 1 at 6) (emphasis in original). Petitioner reasons that his "guilty plea to [Count Eight] was-is unconstitutional because it was not voluntary and intelligently made, because Petitioner was misinformed about the elements of § 924(c)(1) . . . . And, Petitioner did not waive this claim by his guilty plea, and therefore, his conviction under § 924(c)(1), should be vacated." (<u>Id.</u>) (internal citation omitted).[2] These arguments are foreclosed by the record in this matter.

Based on the record before this Court from the underlying criminal case, 3:05-cr-390,

---

[2] To the extent this argument raises ineffective assistance of counsel, the Court will address those matters <u>infra</u>.

and the present Section 2255 action, the Court must deny Petitioner's arguments as they are without merit and plainly contradicted by his previous sworn statements during his Rule 11 hearing, his Plea Agreement, and his statements to this Court during sentencing. The Court finds that Petitioner knowingly and voluntarily entered into the Plea Agreement which presents a valid waiver of his right to collaterally attack his sentence and conviction for Claims 1-5, except for claims of prosecutorial misconduct or ineffective assistance of counsel which are addressed <u>infra.</u> The consequences of his waiver were clearly explained to him in his Plea Agreement and during his Rule 11 hearing. The Court further finds that Petitioner's guilty plea was knowingly and voluntarily made, again, based on his sworn answers to questions posed during the Rule 11 hearing, his signature and assent to the terms of the Plea Agreement, and based on his representations to the undersigned during his sentencing hearing. Accordingly, the knowing and voluntary waiver voluntary and guilty plea and preclude Petitioner from raising these challenges in this Section 2255 proceeding.

2.     **Petitioner's Claims of Prosecutorial Misconduct (Claims 2 and 4)**

Petitioner raises a claim of prosecutorial misconduct contending that he was deprived of due process of law because the government "possessed or had evidence or knowledge that there was insufficient evidence to prove beyond a reasonable doubt its § 924(c)(1) charge; and possessed knowledge that Petitioner had a Constitutional [right], to possess in his home and in his pick-up, his firearms. Yet, the Government <u>intentionally concealed</u> that exculpatory evidence from the Grand Jury; and from petitioner; and from the guilty plea Court, and from the sentencing trial Court." (Doc. No. 1 at 10) (emphasis in original). Petitioner raised no such challenge before the trial court, or on direct appeal. And even though he retained the right to challenge his conviction and sentence on the ground of prosecutorial misconduct, Petitioner

offers no evidence to support this assertion and the Court concludes that it is wholly without merit.

Petitioner raises a second claim that his due process rights were violated through prosecutorial misconduct when Respondent "filed new [criminal facts] against him." (Id. at 12). Petitioner calls attention to the facts alleged in his PSR and states that these are facts which were not alleged in the Grand Jury's indictment. See id. at 4 ¶ 16. The Court has previously noted that Petitioner specifically agreed in his Plea Agreement with Respondent that the Court could "use the offense conduct set out in the [PSR], except any facts to which defendant has objected, to establish a factual basis for the defendant's plea." (3:-5-cr-390, Doc. No. 146 at 3-4 ¶ 15). During his sentencing hearing, Petitioner confirmed that he had reviewed the contents of the PSR with his attorney and his attorney stipulated that there were no objections to the PSR which includes the facts or offense conduct specified therein. (Doc. No. 240 at 3). Petitioner knowingly and voluntarily waived his rights under the Plea Agreement to now raise this claim that Respondent offered new facts against him at sentencing. Moreover, Respondent is entitled to rely and enjoy the benefits of the bargain it struck with Petitioner, that is, use of offense conduct from the PSR. Petitioner's claim is without merit.

### 3. Petitioner's Direct Appeal

Petitioner filed a direct appeal from his Amended Judgment, yet he failed to raise issues related to the wavier provision in the Plea Agreement, or the knowing and voluntary nature of his guilty plea, or any derivation of Claims 1-5. The Fourth Circuit affirmed his conviction and sentence and expressly declined to rule on his claim for ineffective assistance of counsel because any counsel error did not appear plain from the record. See United States v. Bullard, 324 F. App'x 254 (4th Cir. 2009).

Claims which Petitioner could have been raised on direct appeal, but were not, are not properly asserted for the first time in a collateral proceeding unless Petitioner is able to show cause excusing his procedural default and actual prejudice resulting from the alleged errors he now raises. See United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999). In Mikalajunas, the Court noted that:

> [i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.

Id. (citing United States v. Frady, 456 U.S. 152, 167-68 (1982) ). The Government has a strong interest in the preservation of criminal judgments and collateral attacks on a judgment are not to take the place of a direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to raise and argue a matter on direct appeal bars collateral review of those issues). Petitioner has the burden to demonstrate cause and actual prejudice and he has made no such showing in this case nor can Petitioner claim a manifest injustice. The Court finds that Claims 1-5 which Petitioner raises in this Section 2255 petition are procedurally barred.[3]

**B.     Petitioner's Claim Six**

Petitioner contends that he was deprived of his Sixth Amendment right to effective

---

[3] The Fourth Circuit denied Petitioner's motion for authorization under 28 U.S.C. § 2244 to file a second or successive Section 2255 petition. The Court noted that Petitioner' prior Section 2255 petition was granted and a new judgment was entered which permitted him to file a direct appeal. The Court found that "because a newly filed § 2255 motion attacking a reentered judgment is not deemed successive" his motion for authorization was denied as unnecessary. Bullard v. United States, No. 09-226 (4th Cir. Aug.12, 2009) (Order denying motion to file successive petition as unnecessary). 3:05-cr-390, Doc. No. 400. However, this does not change the Court's analysis of the many claims which Petitioner waived through his Plea Agreement; waived through his guilty plea ; or waived through his failure to raise such claims on direct appeal.

13

assistance of counsel. (3:09-cv-362, Doc. No. 1 at 13). Petitioner casts this claim for relief in the following way:

> Petitioner's trial attorney had an obligation to have discovered and have brought to the attention of Petitioner; and to the guilty plea court, and to the <u>sentencing</u> <u>trial</u> court all the facts and information contained herein, and to have litigated said facts and evidence in the district court, and Petitioner's appellate attorney had an obligation to have discovered, and to have litigated said facts and evidence in the Appellate Court, but both attorneys failed to do so. Said failures by said attorneys caused Petitioner to enter a guilty plea to a § 924(c) charge, when the facts of the case proved beyond a reasonable doubt the elements of a § 924(c) charge were lacking; and thus, could not constitutionally be met by the Government.

(3:09-cv-362, Doc. No. 1 at 13-14) (emphasis in original).

Petitioner also alleges ineffective assistance of counsel, trial and appellate, because Petitioner was punished for facts which were not found by the grand jury thus depriving him of his rights under the Fifth and Sixth Amendments to the United States Constitution. (Id. at 14). Petitioner insists that if he had been properly informed that there were insufficient facts to support conviction under § 924(c) then he would not have entered a plea of guilty and would have insisted on a trial by jury. The consequence, he contends, of counsel's ineffectiveness, was a sentence which is set to run consecutively for 6 years following the expiration of his sentence for Count One of the Superceding Indictment for a total terms of incarceration of 180 months. (Id. at 14-15).

  A defendant charged with a criminal offense has the right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. In order to establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by constitutionally deficient representation. <u>Strickland v. Washington</u>, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide

range of reasonable professional assistance. Id.. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with errors of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983) ). If Petitioner fails to meet this burden of proof, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). The Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id.

In the context of a guilty plea, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Where, as here, a petitioner alleges that his counsel was ineffective during his sentencing hearing, petitioner must demonstrate that his "sentence would have been more lenient" without counsel's asserted errors. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

Petitioner argues that he only agreed to plead guilty to the § 924(c) violation (Count Eight) because his trial counsel informed him that "he would receive a sentence of no more than seven (7) years." (3:09-cv-362, Doc. No. 1 at 4 ¶ 14) (emphasis in original). As discussed above,

15

Petitioner appeared at his Rule 11 hearing and was informed in no uncertain terms of the minimum and maximum term of imprisonment he faced if he agreed to plead guilty and was subsequently convicted of Counts One and Eight, and Petitioner acknowledged, while under oath, that he understood the minimum and maximum penalties.

First, Petitioner's professed reliance on the promise or assurance of a 7- year sentence is directly contradicted by his sworn statements during his Rule 11 hearing where he answered "No" when asked if anyone had promised him anything other than what was contained in the Plea Agreement. (3:05-cr-390, Doc. 151 at 4: Question 28: Other than the terms of your Plea Agreement, has anyone made you promises of leniency or a light sentence to induce you to plead guilty? Answer: No.). Second, when the magistrate judge explained the potential of life imprisonment and the mandatory minimum consecutive sentence of 60-months, Petitioner could surely have alerted the magistrate judge that he need not worry about the maximum possible sentence because his counsel had assured him that he would only receive a 7- year sentence.

Assuming counsel did inform Petitioner that he would receive a 7- year sentence if he pled guilty, any erroneous information [Petitioner] allegedly received from his attorney was corrected by the trial court at the Rule 11 hearing, and [Petitioner] was therefore not prejudiced. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995); see also United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc) cert. denied, 513 U.S. 1060 (1994) ("if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant.").

At best, Petitioner can point to an asserted misunderstanding regarding what sentence he

16

faced if convicted. However, Petitioner's solemn and sworn statements during his Rule 11 hearing are afforded great weight and based on those sworn statements and the supporting case law, Petitioner cannot show prejudice under Strickland. Petitioner's argument is therefore overruled.

Petitioner's remaining arguments regarding ineffective assistance of counsel, trial and appellate, are without merit. Petitioner "incorporates his above Statement of Facts and his above Constitutional Claims into this instant Claim as if fully set forth herein." (Doc. No. 1 at 13). This is simply a broadside attack on his counsel's performance that must fail. Each of these remaining arguments are an attack on his knowing and voluntary decision to plead guilty. The Court has concluded that Petitioner suffered no prejudice under Strickland because he knowingly and voluntarily entered into a plea agreement with Respondent; that he understood the elements of the charges pending against him and the maximum sentence of life imprisonment; that he understood the fact that a conviction under § 924(c) would carry a mandatory minimum of 60-months of incarceration to run consecutive to any other conviction; and that he agreed to waive trial by jury and plead guilty to Counts One and Eight because he was in fact guilty of those counts. Petitioner's argument that his counsel was constitutionally deficient is overruled.

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is **DENIED** and **DISMISSED;**

2. Respondent's Motion for Summary Judgment, (Doc. No. 7), is **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that dispositive procedural is debatable, and that petition states a debatable claim of the denial of a constitutional right).

    Signed: May 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge